IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARTA EDWARDS,** : <br> : <br> **Plaintiff,** : <br> v. : <br> : <br> : <br> **CAROLYN W. COLVIN,** : <br> **Commissioner of Social Security** : <br> **Defendant.** : <br> : | **CIVIL ACTION** <br> **NO. 14-4235** |

## MEMORANDUM OPINION

**Tucker, C.J.**                                                                                                                                                              **July 28, 2015**

        Plaintiff Marta Edwards seeks review of the Commissioner of Social Security's ("Commissioner") denial of her application for Supplemental Security Income ("SSI"). On April 23, 2015, United States Magistrate Judge Linda K. Caracappa issued a Report and Recommendation ("Report") recommending that Plaintiff's request for review be denied. Plaintiff objected to the Report, asserting that the findings of the Administrative Law Judge ("ALJ") are not supported by substantial evidence. For the reasons set forth below, the Court will *grant in part* Plaintiff's request for review and remand this case to the Commissioner for further findings of fact.

## FACTUAL BACKGROUND

        On May 31, 2011, Plaintiff Marta Edwards filed an application for SSI under Title XVI of the Social Security Act, alleging disability since September 1, 2008. (Tr. 122). This application was denied on February 1, 2012. (Tr. 61-65). Plaintiff then requested a hearing before an ALJ on February 15, 2012. (Tr. 66). ALJ Nancy Lisewski held a hearing on February 5, 2013, in which Plaintiff, as well as an impartial vocational expert, testified. (Tr. 20-40). On

February 27, 2013, the ALJ denied Plaintiff's claim for SSI, finding that Plaintiff was not disabled as defined by the Social Security Act at any time from Plaintiff's application date through the date of the ALJ's decision. (Tr. 19). Plaintiff filed a request for review, and on June 18, 2014, the Appeals Council denied Plaintiff's request, thus making the ALJ's decision the final decision of the Commissioner. (Tr. 1-5). Plaintiff then filed an appeal with this Court for judicial review pursuant to 42 U.S.C. § 405(g).

The ALJ followed the five-step sequential evaluation process to determine that Plaintiff had not been under a disability. At the first step, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 31, 2011, the application date. (Tr. 13). At the second step, the ALJ found that Plaintiff's obesity, depression, disc herniation with spinal and foraminal stenosis with thecal impingement and root compression, and degenerative joint disease were "severe" impairments within the meaning of the regulation. (Tr. 13). At the third step, the ALJ found that Plaintiff does not have an impairment, or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR §§ 416.920(d), 416.925, and 416.926. (Tr. 13). At the fourth step, the ALJ found that Plaintiff "has the residual functional capacity to perform light work, except: occasional postural activities; no reaching overhead; simple work defined as unskilled specific vocational preparation; and, only occasional contact with the public." (Tr. 15). The ALJ considered all symptoms, the extent to which the symptoms could reasonably be accepted as consistent with the objective medical evidence, and all other evidence including opinion evidence. (Tr. 15-16). Finally, at the fifth step, the ALJ found that Plaintiff has no past relevant work, but there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 18). Thus, the ALJ determined that Plaintiff has not been under a "disability," as defined in the Social Security Act, since the day Plaintiff's

application was filed.

In her request for review, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ erred in (1) giving little weight to the opinions of Plaintiff's treating physician, Dr. Gupta, and great weight to the opinion of the state agency's doctor who did not examine Plaintiff, Dr. Huitt; (2) failing to consider Plaintiff's chiropractic records; and (3) disregarding Plaintiff's hearing loss in the assessment of Plaintiff's residual functional capacity. In the Report, Magistrate Judge Caracappa addressed each of these objections and found that the ALJ's decision was supported by substantial evidence. Consequently, Magistrate Judge Caracappa recommended that this Court deny Plaintiff's request for review. In her objections to the Report, Plaintiff raises the same objections as those in her initial request for review.

This Court agrees with Magistrate Judge Caracappa's findings as to the chiropractic evidence and Plaintiff's hearing loss. However, the Court will sustain Plaintiff's objection that the ALJ's decision to give significant weight to Dr. Huitt's opinion and little weight to Dr. Gupta's opinion is not supported by substantial evidence, and remand the case to the Commissioner for further findings of fact.

## STANDARD OF REVIEW

This court reviews those portions of Magistrate Judge Caracappa's Report to which objection is made *de novo*. 28 U.S.C. § 636(b)(1)(C). The role of the Court on judicial review of a final decision of the Commissioner is to determine whether the Commissioner's findings of fact are supported by "substantial evidence" in the record. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988); *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). If the factual findings of the Commissioner are supported by substantial evidence, they must be accepted as conclusive.

*Richardson v. Perales*, 402 U.S. 389, 390 (1971) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is "more than a mere scintilla of evidence but may be less than a preponderance." *Brown*, 845 F.2d at 1213 (citing *Stunkard v. Secr'y of Health and Human Servs.*, 841 F.2d 57, 59 (3d Cir.1988)). When the conclusion of the ALJ is supported by substantial evidence, this Court is bound by those findings even if it would have decided the factual inquiry differently. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

Substantial evidence "must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 488 (1971). A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason*, 994 F.2d at 1064. The Commissioner must provide an explanation for rejecting pertinent or probative evidence. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203 (3d Cir. 2008). While the court may not reweigh the evidence, it may evaluate the basis of the ALJ's decision. *Horst v. Comm'r of Soc. Sec.*, 551 F.App'x 41, 45 (3d Cir. 2014) (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981)) ("[A]n explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper.").

## DISCUSSION

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ did not justify the little weight given to the opinions of Plaintiff's treating physician, Dr. Gupta. Dr. Gupta, who is board certified in pain management and anesthesia, has been seeing

Plaintiff since February 17, 2010. (Tr. 210-213). The Court agrees that the ALJ erred by failing to explain why she relied on the opinion of the non-examining State agency consultant, Dr. Huitt, and rejected the opinion of Dr. Gupta.

An ALJ must consider all relevant evidence from acceptable medical sources, including licensed physicians, when evaluating a claimant's impairment. *See* 20 C.F.R. § 416.913(a). The opinions of a treating physician, if supported by the medical records, are entitled to great, or even controlling weight in Social Security disability cases. 20 CFR § 405.1527; *Adrono v. Shalala*, 40 F.3d 43 (3d Cir. 1994); *Mason v. Shalala*, 994 F.2d 1058 (3d Cir. 1993). This is especially true when the treating physicians' opinions "reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). The ALJ can only reject the medical judgment of a treating physician on the basis of contradictory medical evidence or substantial evidence otherwise, but she "may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Plummer*, 186 F.3d at 429. (Tr. 16-17).

In rejecting a treating physician's assessment, the ALJ may not make "speculative inferences from medical reports" or "employ her own expertise against that of a physician." *Id.* (citing *Ferguson v. Schweiker*, 765 F.2d 31, 36 (3d Cir.1985)). The ALJ must also make clear her reasons for giving a treating physician's opinion less than controlling weight. *See Horst*, 551 F. App'x at 45 (3d Cir. 2014). The ALJ may not "reject evidence for no reason or for the wrong reason." *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005) (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir.1993)). If the ALJ does not give a treating physician's opinions controlling weight, in deciding the weight to give to the opinion, the ALJ should consider factors

such as the nature and extent of the treatment relationship, length of the treatment relationship and frequency of examination, supportability, consistency, and specialization. *See* 20 C.F.R. § 416.927(c)(2). In rejecting or giving less weight to the treating physician's opinion, the ALJ should specify her reasons for doing so and make a clear and satisfactory record. *See Kent v. Schweiker*, 710 F.2d 110, 115 (3d Cir. 1983).

Here, the ALJ fails to explain her reasoning for not giving Dr. Gupta's opinion significant weight over that of Dr. Huitt. As such, the Court does not have sufficient information to determine whether the ALJ's decision with respect to Plaintiff's residual capacity to perform light work is supported by substantial evidence. Firstly, to determine that Plaintiff has the residual functional capacity to perform light work, the ALJ considered Plaintiff's symptoms, the extent to which those symptoms could reasonably be accepted as consistent with other evidence, and opinion evidence. (Tr. 16). According to Plaintiff, she is unable to work due to back problems and depression. (*Id.*). Plaintiff states that she can only stand for 20-30 minutes and sit for one hour at a time because of the pain. (*Id.*). The ALJ found that Plaintiff's statements as to the intensity, persistence and limiting effects of her symptoms were not credible. The ALJ further found that the medical evidence, along with Plaintiff's noted activities of daily living, did not support her allegations. (*Id.*). Secondly, the ALJ considered the results of medical evidence including diagnostic evidence, a Magnetic Resonance Imaging scan ("MRI"), an Electromyography scan ("EMG"), Plaintiff's treatment records, and Plaintiff's physical examination reports from June 2011 and November 2011to evaluate Plaintiff's residual functional capacity. (Tr. 16-17).

Next, the ALJ considered opinion evidence because the objective medical evidence does not determine the effects of Plaintiff's conditions on her ability to work, and needs to be

6

analyzed by a doctor. The ALJ considered the opinion of Dr. Huitt who completed a physical residual functional capacity assessment and found Plaintiff capable of medium exertion. (Tr. 17). The ALJ also considered Dr. Gupta's assessment, which indicated that Plaintiff "can never lift or carry, and can only stand/walk for less than two hours and sit for 2-3 hours total in an eight-hour workday." (Tr. 17). Dr. Gupta described Plaintiff's conditions as, *inter alia*, cervical radiculopathy, cervical root lesion, disc herniation, and disc degeneration. (*See* Tr. 198 – 216.) Dr. Gupta concluded that Plaintiff "will need a change in her working and living life style," is unable to work, and is a candidate for long-term disability. (Tr. 194-95.) The ALJ gave these findings "little weight" because she found them "inconsistent with the examination reports of record and the claimant's noted functional abilities, including walking into the hearing room, hanging up her coat, and having no difficulties walking or sitting when present for hearing." (Tr. 17). However, the ALJ is not permitted to place her non-expert observations of the claimant at the hearing above the opinions of the treating physician. *See, e.g.*, *Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir. 1988) ("What we are left with is a rejection of medically credited symptomatology based solely on the administrative law judge's observation of the claimant at the hearing . . . That is not permissible.").

      Although the ALJ found that Plaintiff was not fully credible (Tr. 16), that credibility determination is not an acceptable basis for rejecting a treating physician's conclusions. *See Morales*, 225 F.3d at 318 ("Although an ALJ may consider his own observations of the claimant and this court cannot second-guess the ALJ's credibility judgments, they alone do not carry the day and override the medical opinion of a treating physician that is supported by the record."). Moreover, the ALJ's opinion must offer some reasons as to how Dr. Gupta's opinions are inconsistent with the examination reports and why they were given little weight. *See Cotter*, 642

F.2d at 705-06) ("While the ALJ is, of course, not bound to accept physicians' conclusions, he may not reject them unless he first weighs them against other relevant evidence and explains why certain evidence has been accepted and why other evidence has been rejected."). Instead, the ALJ in this case, merely stated that Dr. Gupta's opinions are inconsistent with the record without explaining the inconsistencies or addressing the contradictory relationship between the record and Dr. Gupta's opinions.

Here, the ALJ relied upon the reports of Dr. Huitt who never met with Plaintiff rather than the reports from Dr. Gupta who treated Plaintiff over an extended period of time. The ALJ credits Dr. Huitt's opinion, giving it "great weight" because "it is largely consistent with the records as a whole." (Tr. 17). Consistency with the record as a whole is one of the factors to consider when determining how much weight to give to varying medical opinions. *See* 20 C.F.R. § 416.927(c)(4). However, the ALJ did not analyze any other factors when determining the comparative weight that should be given to the two medical opinions from Dr. Huitt and Dr. Gupta. As discussed above, the regulations provide that factors to consider include the nature and length of Plaintiff's relationship with the authors of any medical opinion, the extent of the relationship, supportability, and consistency. 20 C.F.R. § 416.927(c). In addition, the ALJ simply states, without any further explanation, that Dr. Huitt's opinions are accepted because they are consistent with the record while Dr. Gupta's opinions are rejected because they are inconsistent with the record. As such, this Court does not have sufficient information to determine that the ALJ's decision is supported by substantial evidence.

## CONCLUSION

In order for this Court to determine whether the reasons for rejecting Dr. Gupta's opinions were proper, the ALJ is required to provide further explanation as to the weight given to

each doctor's opinions. Here, the ALJ's analysis does not sufficiently justify the rejection of Dr. Gupta's opinion and partially relies on impermissible observations of Plaintiff from the hearing. Thus, this Court cannot conclude that the ALJ's findings of fact are supported by substantial evidence. The Court will grant Plaintiff's request for review and remand this case to the Commissioner for further findings of fact regarding the weight given to the opinions of Dr. Gupta and Dr. Huitt. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTA EDWARDS,<br><br>    **Plaintiff,**<br>  v.<br><br>CAROLYN W. COLVIN,<br>**Commissioner of Social Security,**<br>    **Defendant.** | :<br>:<br>:<br>:<br>:  **CIVIL ACTION**<br>:  **NO. 14-4235**<br>:<br>:<br>:<br>:<br>: |

**ORDER**

  **AND NOW**, this 28th day of July, 2015, upon careful and independent consideration of Plaintiff's request for review (Doc. 3), Defendant's Answer (Doc. 7), Plaintiff's Brief In Support of Request for Review (Doc. 10), Defendant's Response to Request for Review (Doc. 14), Plaintiff's Reply Brief (Doc. 15), the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (Doc. 17), Plaintiff's Objections to the Report and Recommendation (Doc. 20), and all other responses thereto, **IT IS HEREBY ORDERED AND DECREED** that Plaintiff's Request for Review is **GRANTED IN PART** as follows:

1) This matter is **REMANDED** to the Commissioner for further findings of fact regarding the weight given to the expert opinions.

                     **BY THE COURT:**

                     /s/ Petrese B. Tucker

                     _____

                     **Hon. Petrese B. Tucker, C.J.**